IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CALEB BREWER, | No. 2:14-cv-00925-AC |
| Petitioner, | OPINION & ORDER |
| v. | |
| JERRI TAYLOR, Superintendent, Two Rivers Correctional Inst., | |
| Respondent. | |

Kristina Hellman
Federal Public Defenders
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

OPINION & ORDER - 1

Ellen F. Rosenblum
Frederick M. Boss
Samuel A. Kubernick
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

  Attorneys for Respondent

HERNÁNDEZ, District Judge:

  Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Magistrate Judge John Acosta issued his Findings and Recommendation ("F&R") on October 20, 2016, recommending that Petitioner's Amended Petition for Writ of Habeas Corpus be denied. ECF 37. Petitioner timely filed his objections to the F&R. ECF 42. The Court declines to adopt the F&R and orders that the Amended Petition for Writ of Habeas Corpus be GRANTED.

## BACKGROUND

  At this point, the parties are well versed in the facts giving rise to Petitioner's conviction; a detailed recitation of the factual background can be found in Judge Acosta's F&R and the Court will not repeat it here.

  A jury convicted Petitioner on two charges of Attempted Murder and the trial judge sentenced him to 180 months of imprisonment followed by a period of post-prison supervision. Petitioner alleges an ineffective assistance of counsel claim on the basis that his "trial attorney failed to take exception to the trial court's refusal to instruct the jury that Menacing constitutes a lesser-included offense of Attempted Murder, thereby precluding appellate review of the issue." Pet. Br. at 15, ECF 23. The post-conviction relief ("PCR") court denied relief stating:

OPINION & ORDER - 2

> I'm denying post-conviction relief. I'm finding that the [trial] Court made it clear that it wasn't going to give any [lesser-included offense instructions] on the Attempted Murder.
>
> The attorney did not except and decided instead to argue all or nothing on Attempted Murder. That was not an unreasonable strategy decision based on the facts presented in this case. . . .
>
> The appellate attorney could not raise the [lesser-included offense] menacing since the issue was not preserved. Therefore, there's no inadequacy or any prejudice on the part of the appellate attorney.
>
> And. Finally, there's insufficient evidence of any inadequacy or any prejudice by trial attorney.

Resp. Ex. 125 at 14–15, ECF 16. Petitioner argues that his claim is entitled to *de novo* review as opposed to the deferential review under 28 U.S.C. § 2254(d), because his claim was not "adjudicated on the merits." Petitioner asserts that the PCR court misconstrued the link between the claimed error and the resulting prejudice. Specifically, that the "PCR judge analyzed the claim by asking whether the trial court would have changed its ruling had Petitioner's attorney taken exception, instead of asking whether Petitioner would be precluded from pursuing an issue on appeal." F&R at 7. The F&R found that, notwithstanding the PCR court's error, Petitioner's claim was "adjudicated on the merits" and he was not entitled to *de novo* review. F&R at 8. Applying deferential review under § 2254, the F&R found that Petitioner's ineffective assistance of counsel claim failed and he was not entitled to habeas relief. *Id.* at 14–15. Finally, the F&R recommended that Petitioner should be denied a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. *Id.* at 15.

Petitioner made three objections to the F&R. First, he renewed his argument that the PCR court did not adjudicate his claim "on the merits" and he was entitled to *de novo* review. Obj. to F&R at 1–2. Second, Petitioner objected to the F&R's finding that he would not have prevailed

OPINION & ORDER - 3

on appeal had he preserved a challenge to the denial of the Menacing instruction. *Id.* at 3. Third, Petitioner objected to the F&R's recommendation to deny his certificate of appealability.

## STANDARD

When a party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## DISCUSSION

### I.     Proper Standard of Review

Pursuant to 28 U.S.C. § 2254(d), habeas corpus relief shall not be granted with respect to any claim that was "adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was": (1) "contrary to, or involved an unreasonable application of, clearly-established Federal law, as determined by the Supreme Court;" or (2) was "based on an unreasonable determination" of the facts. In the Ninth Circuit:

> [A] state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits.

*Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). Deferential review is inapplicable where the state court does not reach a decision on the merits and courts instead apply *de novo* review. *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

Ineffective assistance claims are analyzed under the two-part *Strickland* test: (1) petitioner must show that counsel's performance was constitutionally deficient; and (2) that the deficient performance prejudiced the petitioner so "as to deprive the defendant of a fair trial, a

OPINION & ORDER - 4

trial whose result is unreasonable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where the claimed deficiency involves the failure to preserve an issue for appeal "the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Clark v. Ryan*, No. CV-09-8006-PCT-JAT(JRI), 2011 WL 7553504, at *53 (D. Ariz. Nov. 18, 2011) (quoting *Davis v. Sec'y of Dept. of Corrections.*, 341 F.3d 1310, 1316 (11th Cir. 2003)); *see also Burdge v. Belleque*, No. 07-35685, 2008 WL 3853445, at *5 (9th Cir. Aug. 15, 2008) (holding that trial counsel's failure to preserve an sentencing issue for appeal under Oregon law prejudiced petitioner because the outcome would have been different on appeal).

Here, the PCR court misapplied the prejudice prong of Petitioner's ineffective assistance of counsel claim. The PCR court incorrectly framed the prejudice inquiry by asking whether there was a reasonable likelihood that the *trial court* would have changed its decision. The proper inquiry should have been whether there was a reasonable likelihood that Petitioner would have prevailed *on appeal*. The Court agrees with Petitioner that the PCR court never decided his case "on the substance of the claim advanced." Obj. to F&R at 3 (quoting *Lambert*, 393 F.3d at 967). In other words, the PCR court adjudicated a different claim from the one Petitioner advanced. Accordingly, the Court finds that there was no "adjudication on the merits" for § 2254(d) purposes and Petitioner's claim is entitled to *de novo* review.

## II. Petitioner's Ineffective Assistance of Counsel Claim

Once more, to show ineffective assistance of counsel, a petitioner must satisfy both parts of the *Strickland* test. First, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Further, courts "must indulge a strong

OPINION & ORDER - 5

presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the petitioner must overcome the presumption that the "challenged action might be considered a sound trial strategy." *Id.* at 689 (quotation and citation omitted).

Second, the petitioner must show that counsel's errors prejudiced the defense "as to deprive the defendant of a fair trial, a trial whose result is unreasonable." *Id.* at 687. The prejudice prong requires showing that "but for counsel's unprofessional errors, the result would have been different." *Id.* at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

### A.  *Trial Counsel's Representation*

At trial, Petitioner was represented by Charles Wiseman and Dawn McIntosh. During opening statements, McIntosh told the jury that "[t]here's lesser included offenses, and that's what [Petitioner] is guilty of, something less." Tr. at 54, ECF 17.[1] After the close of the State's case, the jury took a recess and McIntosh moved for jury instructions on three lesser-included offenses: Assault in the Third Degree, Reckless Endangering, and Menacing. Tr. at 330–40. The trial court refused to give the instructions and the Defense proceeded with its case. Tr.341–43. After closing arguments, the trial court gave the jury its instructions and the jury retired for deliberations. Tr. 435–454. At that point, the trial court solicited exceptions from the parties and defense counsel took exception to the court's rulings as to the Assault in the Third Degree and Reckless Endangering instructions. Tr. at 454. Defense counsel did not take exception to the trial court's refusal to give the Menacing instruction. *Id.*

---

[1] Citations to "Tr." refer to the trial record transcript, filed here as ECF No. 17.

During PCR proceedings, the State submitted an affidavit from Wiseman explaining defense counsel's reasoning for failing to except the trial court's refusal to give the Menacing instruction:

> On the subject of lesser included offenses, both of the victims were injured, albeit one just barely, and so Dawn McIntosh and I argued that this should give rise to the lesser included offense of assault. The lesser included offense (LIO) of menacing, although we offered it, frankly understates the severity of the crime and I did not expect we would receive the instruction. I felt that to insist on anything less than assault would ignore the seriousness of the crime and create a negative credibility factor with the jury with regard to both victims. After all, Mr. Brewer could have fired into the air, but he shot at the victims. To the best of my recollection, he fired and hit one of them in the leg and may have shot the other in the back. He did not shoot way over their heads, which would be much more in keeping with a menacing LIO. I wanted to be credible with the jury and wanted a lesser included offense that was reasonable.
>
> After the judge ruled that he would not permit any LIOs for the attempted murder charges, I realized that strategically, it would be wiser to proceed without LIOs and force the jury to make an "all or nothing" decision on the attempted murder charges. As I argued to the jury, the fact that petitioner could have but did not kill anyone based on his sheer proximity to the victims demonstrated that he did not intend to kill them. More likely, he was just trying to scare them.

Resp. Ex. 117 at 1–2. Petitioner argues that counsel acted objectively unreasonably by not taking exception to the trial court's refusal to give the Menacing instruction. Pet. Br. at 20. Specifically, Petitioner asserts that there was no conceivable strategic decision for failing to except. *Id.*; *see also Higgins v. Renico*, 470 F.3d 624, 632 (6th Cir. 2006) (citing *Strickland*, 466 U.S. at 689) (holding that counsel "cannot be adjudged ineffective for performing in a particular way in a case, so long as the approach taken 'might be considered sound trial strategy'").

At issue is defense counsel's failure to except. Petitioner argues that defense counsel's failure had no conceivable effect on the "all or nothing" strategy because counsel did take

OPINION & ORDER - 7

exception to two other lesser-included offense instructions and exceptions were taken after closing arguments outside of the presence of the jury. Pet. Br. at 22–23. Further, exceptions were taken after the jury had already been instructed. Tr. 435–54. The Court finds Petitioner's argument persuasive and Respondent appears to concede the first prong of the *Strickland* test as it presents no argument on this issue in either its response to the habeas petition or in its response to Petitioner's objections. Defense counsel's failure to preserve the issue for appeal had no conceivable effect on its "all or nothing" strategy at that point in the trial and it could not have been considered to be a sound trial strategy. *See Davis*, 341 F.3d at 1315–16 ("Under no readily conceivable circumstance will a simple failure to preserve a claim—as opposed to a failure to raise that claim in the first instance—have any bearing on a trial's outcome."). The issue was taken up outside of the presence of the jury and had no bearing on the defense's credibility with the jury. Accordingly, Petitioner has satisfied the first prong of the *Strickland* test.

      **B.**     *Prejudice*

Next, the Court must ask, but for counsel's deficient action, was it reasonably likely that Petitioner would have prevailed on appeal had the issue been preserved. In Oregon, the courts "review the refusal to instruct the jury on a lesser-included crime for errors of law. In doing so, [they] review the evidence in the light most favorable to the establishment that would require those instructions." *State v. Moses*, 165 Or. App. 317, 318, 997 P.2d 251, 253, *rev. den.*, 331 Or. 334, 23 P.3d 986 (2000) (internal quotations and citations omitted).

Under Oregon law, a crime is a lesser-included offense of another crime if the "elements of the former are subsumed in the latter," or "the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser-included offense." *State v. Cook*, 163 Or. App. 578, 581, 989 P.2d 474 (1999). Petitioner does not argue that Menacing is

subsumed in Attempted Murder. Instead, Petitioner asserts that the facts alleged in the charging instrument and the evidence adduced at trial would have permitted the jury to convict Petitioner of Menacing rather than Attempted Murder.

The two charges of Attempted Murder alleged that Petitioner "unlawfully and intentionally attempt[ed] to cause the death of another human being." Resp. Ex. 104 at 1–2; Or. Rev. Stat. ("O.R.S.") § 163.115(1)(a). Under Oregon law, a person commits the crime of Menacing "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." O.R.S. § 163.190.

In *Trotter*, the Oregon Court of Appeals reiterated that "attempted murder with a firearm includes . . . menacing as [a] lesser-included offense[]." *Trotter v. Santos*, 212 Or. App. 473, 476, 157 P.3d 1233, 1235 (2007). The *Trotter* court explained that: "If a criminal defendant is charged with attempted murder with a firearm, a jury may properly convict the defendant of either attempted assault or menacing or both if the evidence establishes that the conduct charged as attempted murder also constitutes those lesser included offenses." *Id.* at 477, 147 P.3d at 1236. The defendant in *Trotter* pointed a gun directly at a victim, "who grabbed the gun and pushed it up as it went off." *Id.* 475, 147 P.3d at 1235. The bullet missed the victim "but the shot left powder burns on his neck." *Id.* The court held that the failure to give the menacing instruction was prejudicial to the petitioner because the facts of the case warranted the instruction and the jury did not have a complete statement of the law upon which to render a proper verdict. *Id.* at 477–78, 147 P.3d at 1236; *see also State v. Leckenby*, 200 Or. App. 684, 691, 117 P.3d 273, 276 (2005) (holding that while the jury must consider and reject the offense charged before considering the lesser offense, the jury "must still have before it the instruction on the lesser offense if the evidence would support it").

OPINION & ORDER - 9

Similarly, in *Moses*, the Oregon Court of Appeals held that it was error for the trial court to refuse to give defendant's requested lesser-included offense instruction where the "allegations of the indictment include the necessary elements and defendant's evidence support giving of a lesser-included instruction." 165 Or. App. at 323, 997 P.2d at 255. In *Moses*, the defendant fired several shots into a van filled with six people, injuring one passenger. *Id.* at 319, 997 P.2d at 253. The defendant was convicted, in relevant part, on one count of attempted aggravated murder and first-degree assault. *Id.* at 252, 997 P.2d at 252. At issue was whether the trial court erred for failing to give an instruction on reckless endangerment. The *Moses* court held that even though the jury found that the defendant had acted intentionally, the trial court nonetheless erred in failing to give an instruction on reckless endangerment:

> [Defendant] asserts that he acted recklessly regarding all of the shots fired. Although requested by defendant, the jury was never permitted to evaluate whether defendant acted recklessly when he fired the shots. The fact that he may have been found to have intentionally fired the shots at the driver and in the direction of the female passenger does not obviate that problem. Because the court did not give the lesser-included instructions, the jury did not have a complete statement of the law, and we are unable to determine what the verdict would have been had the jury been properly instructed.

*Id.* at 256, 997 P.2d at 326; *see also State v. Naylor*, 291 Or. 191, 197–98, 629 P.2d 1308, 1311 (1981) (holding that the failure to give the requested instruction "resulted in the case being submitted to the jury without a complete statement of the law" and the court was "unable to say what the verdict would have been had the theory of the defense been properly presented to the jury").

In this case, the defense's central theory was that Petitioner intended only to scare the victims. During opening statements, defense counsel began by saying "[l]et me tell you right off the bat, this is not an Attempted Murder case. This is something less than attempted murder[.]"

Tr. 50. Counsel went on to argue that given Petitioner's proximity to the victims when he fired the shots, if he intended to kill them then this would be a homicide case; "[b]ut his intent was to scare them, and that's what he told the police that night . . . I just wanted to scare them because they insulted my girlfriend." Tr. 53–54. Defense concluded by arguing that the "judge is going to tell you that there's more to consider than Attempted Murder and Assault. There's lesser included offenses, and that's what [Petitioner] is guilty of, something less." Tr. 54. At closing argument, defense counsel reiterated that "[i]f it was intentional, it was intentional to scare." Tr. 412.

After reviewing the entire trial record, the Court finds that there is a substantial likelihood that the Oregon Court of Appeals would have concluded that the allegations in the indictment and Petitioner's evidence adduced at trial supported giving the lesser-included instruction of Menacing. The indictment concerning the Count 1 for Attempted Murder charges: "The defendant, on or about August 24, 2005, in Clatsop County, State of Oregon, did unlawfully and intentionally attempt to cause the death of another human being, to-wit Vincent Fritzie[.]" Resp. Ex. 104 at 1. Multiple witnesses testified that at least one of the shots Petitioner fired was directed into the ground. Tr. 116, 226. Further, there was conflicting evidence as to whether the bullet that passed through Fritzie's upper thigh was a direct shot or a ricochet that bounced off of the ground. Tr. 106, 109, 115–16, 270–74. No expert testimony was given at trial on the issue of ricochets, bullets went missing from the crime scene, and the location of the bullet holes in the surrounding area was disputed. Tr. 197–200, 204, 272–73, 300. Similarly, an officer testifying as a fact witness, not as an expert witness, stated that he "believed" that the mark on DeJoode's back was consistent with a bullet grazing him. Tr. 194. That same night, DeJoode had previously been knocked to the ground by Petitioner's punch and had jumped into bushes to avoid being

shot. Tr. 88, 96, 214. In other words, evidence adduced at trial supported the contention that Petitioner may have attempted only to scare the victims and an instruction on the lesser-included offense of Menacing was warranted.

The Court finds that *Trotter* and *Moses* control here. In both cases the State argued that the defendants acted with the intent to kill and the defendants contended that they acted with different intents. Similarly, the allegations in the indictment and Petitioner's evidence adduced at trial supported giving the requested lesser-included offense instruction. In both cases the juries found that the defendants had acted with the intent to kill, and in both instances the Oregon Court of Appeals reversed, in part, because the trial courts failed to put lesser-included offenses before the juries. Here too, the jury did not have a "complete statement of the law" and the Court must "conclude that failure to request the instruction was prejudicial to petitioner." *Trotter*, 212 Or. App. at 478, 157 P.3d at 1236. Because the jury did not have a complete statement of the law, the appellate courts would likely be "unable to say what the verdict would have been had the theory of the defense been properly presented to the jury." *Moses*, 165 Or. App. at 236, 997 P.2d at 256 (Quoting *Naylor*, 291 Or. at 197–98, 629 P.2d 1308).[2] Accordingly, but for counsel's deficient action, it was substantially likely that Petitioner would have prevailed on appeal had the issue been preserved.

//
//
//
//

---

[2] The predictability of the outcome in this case is further complicated by the facts that the verdict was not unanimous, it was ten to two, and evidence came to light at trial that at least some jurors considered Petitioner's silence and a newspaper article during deliberations. Tr. 464, 508–09, 541–42, 553–54.

OPINION & ORDER - 12

CONCLUSION

The Court declines to adopt the F&R. The Court also GRANTS Petitioner's Amended Writ of Habeas Corpus, VACATES his conviction and sentence as to Count 1 and Count 2 of the Amended Indictment for Attempted Murder, and ORDERS Respondent to release him unless the State of Oregon retries him within 60 days.

Dated this 28 day of March, 2017.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge